CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 09, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| William Gonzalez *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 5:25-cv-00072 |
| Augusta County, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs' motions for a temporary restraining order under Federal Rule of Civil Procedure 65(b) (Dkts. 2, 4). For the reasons that follow, the court will deny the motions.

**I.     Background**

Plaintiffs William Gonzalez, Karen Garner, and Karl Lentz, proceeding *pro se*, filed a complaint in this court on July 17, 2025. (Compl. (Dkt. 1).) Based on the allegations in the complaint, it appears that Plaintiffs either owned, lived, or worked on a farm property located at 710 Augusta Farms Road in Augusta County, Virginia. They brought this lawsuit to challenge state-court proceedings against them, their eviction from the property, and searches and seizures law enforcement conducted on the property. (*See id.* at 10–11.)

Gonzalez states that he maintained the property for Garner. (*Id.* at 10.) He alleges that he was evicted from the property in July 2025, after a state court in Augusta County "issued a $12,500 debt against [him]." (*Id.*) He claims the state-court judge issued the ruling in retaliation for a civil rights lawsuit Gonzalez filed against him. (*Id.*)

Garner states that she has an interest in the property as the beneficiary of an estate. (*Id.*) She alleges that she had notified the state-court judge who entered the judgment against Gonzalez that the court lacked jurisdiction due to an ongoing probate matter before the Augusta County Circuit Court. (*Id.*) According to Garner, the judge ignored her notice and issued the ruling, which led to her eviction and the seizure of her property. (*Id.*) She alleges that several law enforcement officers entered the property without a warrant on June 2, 2023, and July 10, 2025, and "seized [her] property, including pets, livestock, vehicle, and horse, using a forged DC-469 form not issued by a court." (*Id.*) She further alleges that the officers killed her dogs in the summer of 2023. (*Id.*) Garner claims the officers conspired to harm her in order to benefit another beneficiary who sought "false revenge." (*Id.* at 11.)

Karl Lentz's relationship to Gonzalez, Garner, and the property is unclear. Lentz states that he was arrested on the property on June 2, 2023, and that officers seized two of his dogs "without a warrant or [his] consent." (*Id.*) He alleges that he was detained for several months without bail after a woman named Sandra Wilkins "swore out a false felony warrant, claiming she euthanized four newborn kittens in a neighbor's barn." (*Id.* at 12.) Lentz further alleges that a witness named Jon Hilbert also provided false testimony against him. (*Id.*) Lentz states that the Commonwealth's Attorney "pursued baseless charges of obstruction and animal cruelty" against him but eventually dismissed the charges in January 2024. (*Id.*) Lentz asserts that he was arrested and charged in retaliation for filing a civil rights complaint against the presiding state-court judge in 2020. (*Id.*)

Plaintiffs name Augusta County as the sole defendant[1] and bring claims under 42 U.S.C. § 1983 for alleged violations of their rights under the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. (*Id.* at 7–8.) They also allege claims under 42 U.S.C. § 1985(3) for conspiracies to deprive them of their civil rights. (*Id.* at 7–9.)

Plaintiffs have filed two motions seeking a temporary restraining order under Federal Rule of Civil Procedure 65(b). (Dkts. 2, 4.) They request emergency relief (1) requiring Augusta County officials to return the seized animals or ensure the animals are not harmed or sold, (2) enjoining the state-court judge from issuing future rulings, and (3) ordering an immediate investigation into the Augusta County Sheriff's Department and Animal Control. (*See* Dkt. 2 at 10–11; Dkt. 4 at 10–11.) Plaintiffs have not served Augusta County, and the County has not yet appeared in this case.

## II.     Analysis

Rule 65(b) authorizes a court, in limited circumstances, to issue a temporary restraining order without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). A party seeking a temporary restraining order under Rule 65(b) must satisfy two procedural requirements. *Id.* First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* In addition, the movant must show that the four preliminary-

---

[1] It is not entirely clear whom Plaintiffs intend to name as defendants. Their complaint and civil cover sheet name Augusta County as the sole defendant. (Compl. at 1–2; Dkt. 1-1.) Their motions for a temporary restraining order, on the other hand, omit Augusta County as a defendant and instead name four local officials. (Dkt. 2 at 1; Dkt. 4 at 1.)

injunction factors favor injunctive relief. The movant must demonstrate (1) by a "clear showing" that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

Plaintiffs are not entitled to temporary injunctive relief here. For one, they have not shown they can satisfy both of Rule 65(b)'s threshold requirements. While Gonzalez has submitted an affidavit that describes the notice Plaintiffs have provided to certain Augusta County, state, and federal entities, (*see* Dkt. 2-1), the affidavit does not include specific facts that clearly demonstrate Plaintiffs will suffer immediate and irreparable injury before Augusta County can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1). The facts asserted in the affidavit do not suggest that the seized animals now face an immediate risk of sale or harm, and some of the animals were seized more than two years ago. (*See* Dkt. 2-1 at 2.)

Even if Plaintiffs could satisfy Rule 65(b)'s threshold requirements, temporary injunctive relief is unwarranted because Plaintiffs have not clearly shown they are likely to succeed on the merits of any claim. Many of the legal and factual allegations in their complaint and motions are conclusory. The complaint provides very little context about the state-court proceedings and law enforcement actions, and the limited facts alleged are difficult to follow. In addition, much of the complaint appears to raise concerns with the state court's ruling concerning the debt owed by Gonzalez. A federal court cannot exercise jurisdiction over claims that complain of injuries caused by an earlier state-court judgment, even if those claims allege that the state court's decision violated federal law. *See T.M. v. Univ. of Md. Med. Sys. Corp.*,

139 F.4th 344, 349 (4th Cir. 2025). To the extent that Plaintiffs wish to challenge a prior state-court judgment, they must direct those challenges to the appropriate state appellate court.

### III. Conclusion and Order

For the reasons outlined above, Plaintiffs' motions for a temporary restraining order (Dkts. 2, 4) are **DENIED**. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

**IT IS SO ORDERED.**

**ENTERED** this  9th  day of September, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE